## Richmond.

HOWARD v̇. THE COMMONWEALTH.

MARCH 11th, 1886.

1. CRIMINAL PROCEEDINGS— *Witnesses—Previous statements—Rule.*—
   Proof of statements made by witness out of court, are, in general,
   inadmissible to corroborate his evidence in court.  *Oliver* v. *Com-
   monwealth,* 77 Va 590.
2. IDEM—*Idem—Exception.*—But where attempt is made to discredit
   witness by showing malice on his part, growing out of his arrest
   for an offence, it is admissible to show that witness made the same
   statement before his arrest that he made in court.  Such evidence
   is original—not hearsay.

Error to refusal of judge of circuit court of Fauquier county
to award writ of error to judgment of county court of said
county, rendered August 4th, 1885, and sentencing Beverly
Howard, the plaintiff in error, in accordance with the verdict,
to confinement in the penitentiary for a term of five years, for
the felonious burning of certain stacks of rye and other per-
sonal property mentioned in the indictment.

The facts, upon which the single question in the case arose,
are set forth in the bill of exceptions, as follows: "The Com-
monwealth, on the trial, proved the burning as charged in the
indictment, and next introduced one, Samuel Page, who testi-
fied to seeing the prisoner set fire to the property, and to con-
fessions made to the witness by the prisoner immediately after
the burning."   And on cross-examination he further testified,

"that he (witness) told certain persons, among whom was James Marshall, colored, that prisoner was guilty of the burning; told this on the day succeeding the burning; that prisoner's confession in part was that he fired the property at the instance of one John Anderson, Jr.

" After other evidence for the Commonwealth had been introduced, the defence called as a witness John Anderson, father of the Anderson above-mentioned, who testified that the witness, Page, several months after the burning, charged in the indictment, robbed his hen-house; that he swore out a warrant for Page's arrest, charging him with the theft, and that then, for the first time, he heard of the statement implicating his son in the crime.

"The prisoner, before putting up Anderson, attempted in cross-examination of the Commonwealth's witnesses to show that the burning was not charged and disclosed by Page until after the larceny of the chickens. To rebut this, the prosecution asked James Marshall (colored), the following questions: State whether or not Samuel Page told you that Beverly Howard (the prisoner), burnt Mr. Chunn's stock-yard before he, Page, was charged with stealing Mr. Anderson's chickens? To which question the prisoner objected; but the court overruled the objection, and the prisoner excepted. The witness then answered that Page, on the day succeeding the burning, told him that Beverly Howard burned the property, witness giving Page's statement. The Commonwealth next, also in rebuttal, asked the same question of Alfred Mars, who made a similar answer to that of Marshall. To all which the prisoner objected, and the court overruling the objection, the prisoner excepted," etc.

*Ro. R. Campbell,* for the plaintiff in error.

*Attorney-General, R. A. Ayers,* for the Commonwealth.

LEWIS, P., after stating the case, delivered the opinion of the court.

The question is, did the court err in admitting evidence of the previous declarations of the witness, Page?

There is no doubt that proof of declarations made by a witness out of court in corroboration of his evidence in court, is, as a general rule, inadmissible. 1 Whart. Crim. Law, section 820; *The King* v. *Parker*, 3 Doug. 242; *Oliver* v. *Commonwealth*, 77 Va. 590. Hence, if the witnesses, Marshall and Mars, had been introduced for the purpose of confirming the testimony of Page given by him on the trial, the objection of the prisoner would be well founded; for in that view the evidence would have been hearsay, and, consequently, inadmissible. But such was not the case. Here the attempt by the defence was to discredit the witness by showing malice on his part, growing out of his arrest for larceny. And to repel the attack thus made, it was competent for the prosecution to prove that prior to his arrest, the witness gave the same account of the matter that he gave on the trial. The evidence was, therefore, not hearsay, but original, the point being not as to the truth or falsity of the previous declarations out of court, but whether they had been made. 1 Greenl. Ev., sec. 100, *et seq.*

In *Robb* v. *Hackley*, 23 Wend. 50, Bronson, J., states the rule thus: "If an attempt is made to discredit the witness on the ground that his testimony is given under the influence of some motive prompting him to make a false or colored statement, the party calling him has been allowed to show, in reply, that the witness made similar declarations at a time when the imputed motive did not exist."

The evidence was, therefore, properly admitted by the county court, and the judgment is affirmed.

JUDGMENT AFFIRMED.